# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**TRAVIS BLEDSOE**                                                            **PETITIONER**

**v.**                                                                         **No. 3:05CV80-B-A**

**MDOC, ET AL.**                                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Travis Bledsoe for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner argues that there was no forensic evidence to sustain his state conviction for sexual battery. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied for failure to exhaust state remedies.

## Discussion

The petitioner has never presented any of the grounds listed in his § 2254 petition to any state court in an appeal, direct or collateral. The petitioner's failure to present these claims to the state court implicates the rule of exhaustion. "A fundamental prerequisite to federal *habeas corpus* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule usually requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). The doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v.*

*Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted)). "[N]ormally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose,* 455 U.S. at 518-19). That is the case here.

The petitioner states in his petition that he has not appealed his conviction or otherwise presented any of his present *habeas corpus* issues to the Mississippi Supreme Court. As such, he has not exhausted his state remedies, and the instant petition for a writ of *habeas corpus* shall thus be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of August, 2005.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE